## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY R. MEINEKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALAN  FINNAN Former Superintendent, | ) | |
| JACK  BINION Facility Head/Designee, | ) | |
| CHARLES A. PENFOLD Final Reviewing | ) | No. 1:11-cv-01624-TWP-DKL |
| Authority, sued in their individual and official | ) | |
| capacities, | ) | |
| CHARLES  FOX Disciplinary Hearing Board | ) | |
| Chairman, | ) | |
| BRUCE  LEMMON sued in his official | ) | |
| capacity, | ) | |
| KEITH  BUTTS Superintendent, | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Second Amended Complaint
## and Directing Further Proceedings

## I.

Plaintiff Anthony Meineke, an inmate at an Indiana prison, alleges that his due process rights have been violated. Meineke explains that on December 1, 2009, Meineke pled guilty to receiving stolen property. This property was a pair of black Versace glasses given to him by another offender as a gift before that offender left the prison facility. Unfortunately, for Meineke, those glasses had been stolen from Officer McCutcheons during an attack on that Officer. On December 4, 2009, Meineke's disciplinary hearing was allegedly conducted without due process and Meineke was sanctioned with a restitution order in the amount of three hundred and seventy dollars ($370.00). Meineke challenges the restitution sanction, but not

the disciplinary conviction. Meineke appealed the disciplinary sanctions, but all of his appeals were rejected. As a result of the restitution order, Meineke alleges that his prison account has been frozen and he has been unable to purchase stationery, postage, personal hygiene items or over-the-counter medications. Meineke argues that this deprivation has caused him an atypical and significant hardship.

Meineke seeks money damages, declaratory and injunctive relief. He has named as defendants the Indiana Department of Correction ("DOC"), DOC Commissioner Bruce Lemmon, Former Superintendent Alan Finnan, Superintendent Keith Butts, Facility Head Jack Binion, Final Reviewing Authority Charles A. Penfold, and Disciplinary Hearing Board Chairman Sgt. Charles Fox, all in their individual and official capacities.

## II.

Because Meineke is a prisoner, his amended complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); A complaint must always . . . allege "enough facts to state a claim to relief that is plausible on its face" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

## III.

Applying the foregoing standard to the complaint, the following claims fail to state a claim upon which relief can be granted.

Claims against the State of Indiana and the DOC are dismissed because states and their agencies are not Αpersons@ subject to suit pursuant to 42 U.S.C. ' 1983 under the circumstances alleged and because these defendants are not subject to suit in federal court based on Indiana's Eleventh Amendment immunity. These principles also compel the dismissal of claims for money damages against the defendant individuals in their official capacity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

## IV.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the second amended complaint [dkt. 19], applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: ___09/14/2012___

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony R. Meineke
147748
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Alan Finnan
c/o Superintendent Keith Butts
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Jack Binion, Asst. to Superintendent
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Charles A. Penfold
Indiana Department of Correction
E-334, 302 West Washington Street
Indianapolis, IN 46204

Charles Fox, DHB Chairman
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Bruce Lemmon, Commissioner
Indiana Department of Correction
E-334, 302 West Washington Street
Indianapolis, IN 46204

Superintendent Keith Butts
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064