# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY R. MEINEKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALAN FINNAN Former Superintendent, JACK BINION Facility Head/Designee, CHARLES A. PENFOLD Final Reviewing Authority, sued in their individual and official capacities, CHARLES FOX Disciplinary Hearing Board Chairman, BRUCE LEMMON sued in his official capacity, KEITH BUTTS Superintendent, ) | Case. No. 1:11-cv-01624-TWP-DKL |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Preliminary Injunction**

This matter is before the Court on Plaintiff Anthony Meineke's ("Mr. Meineke") Motion for Preliminary Injunction (Dkt. 41). The Court has considered the motion, the Defendants' response thereto, and Mr. Meineke's reply.

In December of 2009, Mr. Meineke was convicted of receiving stolen property in a prison disciplinary proceeding identified as ISR-09-11-0229. He was sanctioned with an earned credit time deprivation of fifteen days and restitution in the amount of $370.00. *See Meineke v. Finnan,* 1:10-cv-1677-LJM-MJD (S.D.Ind. Feb. 11, 2011) (28 U.S.C. § 2254 habeas petition summarily denied).

Through his motion for preliminary injunction, Mr. Meineke seeks an order (1) enjoining the defendants from continuing to place a "freeze" on his inmate trust

fund account until the merits of his complaint are decided, (2) enjoining the defendants from deducting all monies from his state pay income to pay the restitution sanction, and (3) enjoining the defendants from violating a Department of Correction policy permitting $5.00 to remain in his trust account at the end of each month.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (internal quotation omitted). To warrant preliminary injunctive relief, the movant must first establish that he has "(1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits." *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).

Mr. Meineke has failed to meet the high threshold required to justify granting a preliminary injunction. To begin, Mr. Meineke cannot show that he will suffer irreparable harm if his motion is not granted. In fact, the restitution at issue was paid in full and the "hold" removed as of December of 2012. His claim was moot at the time he filed his motion for preliminary injunction. Plaintiffs seeking preliminary relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 22 (2008). There is no harm that a preliminary injunction could prevent under these circumstances, much less irreparable harm. In addition, economic losses generally

will not support a preliminary injunction. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, Inc.,* 549 F.3d 1079, 1090 (7th Cir. 2008).

As to the likelihood of success on the merits, Defendants argue that Mr. Meineke's due process claims are barred. Mr. Meineke seeks compensatory and punitive damages for alleged constitutional violations associated with his disciplinary proceeding. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a 42 U.S.C. ' 1983 claim. A prisoner's § 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). This same rule applies to "convictions" incurred in prison disciplinary proceedings. *See Edwards v. Balisok,* 520 U.S. 641 (1997); *Walker v. Taylorville Correctional Ctr.,* 129 F.3d 410, 413 (7th Cir. 1997); *Lusz v. Scott,* 126 F.3d 1018, 1021 (7th Cir. 1997). The sanctions imposed as a result of the disciplinary conviction included a loss of good-time credits. Mr. Meineke cannot recover monetary damages in this § 1983 complaint challenging his disciplinary sanctions without first proving that the conviction has been overturned. The court takes judicial notice of the dismissal of Mr. Meineke's habeas petition. *See Meineke v. Finnan,* 1:10-cv-1677-LJM-MJD (S.D.Ind. Feb. 11, 2011). To the extent Mr. Meineke's claims are barred by *Heck* and have not been invalidated, there is no likelihood of success on this claim.

Even to the extent that Mr. Meineke has a constitutionally protected property interest in his trust account funds, Mr. Meineke admits that he waived his right to appear at the disciplinary hearing. This too weighs against any likelihood of success.

For these reasons, Mr. Meineke's motion for preliminary injunction (Dkt. 40) must be **DENIED.**

**IT IS SO ORDERED.**

Date: 04/22/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Anthony R. Meineke
147748
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

**Electronically Registered Counsel**