UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY R. MEINEKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALAN FINNAN, | ) |
| JACK BINION, | ) |
| CHARLES A. PENFOLD, | ) Case. No. 1:11-cv-01624-TWP-DKL |
| CHARLES FOX, | ) |
| BRUCE LEMMON, and | ) |
| KEITH BUTTS | ) |
| | ) |
| Defendants. | ) |

**E N T R Y**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint Seeking Fourth Amendment. (Dkt. 57). Through discovery, Plaintiff alleges he has learned the identity of an accountant, Jerry Rinker, who is employed by the Pendleton Correctional Facility ("Pendleton"). Plaintiff wishes to amend his complaint by adding Mr. Rinker as a party to this action. Plaintiff has filed three amended complaints, to which Defendants have filed responsive pleadings. Adding a new party at this stage of the litigation requires leave of court. *See* Rule 15(a) of the *Federal Rules of Civil Procedure.* The Plaintiff has not tendered a proposed fourth amended complaint, which would supersede the third amended complaint in its entirety. On this basis alone, the motion must be denied. *See* Local Rule 15-1 (motions to amend must include a signed proposed amended pleading and must reproduce the entire pleading as amended). In any event, the proposed amendment also fails on the merits.

Plaintiff alleges that Mr. Rinker has made continuous deductions from his prison account

by initiating wire transfers to an Indiana Department of Correction employee's personal bank account. The transactions referenced by the Plaintiff are consistent with transactions already challenged in his third amended complaint. Specifically, Plaintiff has alleged as a result of a disciplinary charge, the Superintendent approved Plaintiff having to pay restitution for a correctional officer's glasses. There is no reason to add a defendant who merely allegedly carried out the directions of the Superintendent. Indeed, the underlying claim, as discussed in the ruling denying the Plaintiff's motion for preliminary injunction, has already been asserted against defendants who were personally responsible for making the decisions at issue, and "[t]o the extent Mr. Meineke's claims are barred by *Heck* and have not been invalidated, there is no likelihood of success on this claim." (Entry Denying Motion for Preliminary Injunction, docket #55, April 22, 2013). If it is clear that an amendment would be futile, leave to amend should be denied. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Accordingly, the motion for leave to amend a fourth time (Dkt No. 57) is **DENIED**.

**IT IS SO ORDERED.**

Date: 05/01/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony R. Meineke
147748
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel