UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY R. MEINEKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALAN FINNAN Former Superintendent, JACK BINION Facility Head/Designee, CHARLES A. PENFOLD Final Reviewing Authority, sued in their individual and official capacities, CHARLES FOX Disciplinary Hearing Board Chairman, BRUCE LEMMON sued in his official capacity, KEITH BUTTS Superintendent, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Case. No. 1:11-cv-01624-TWP-DKL

**Entry Denying Motion for Leave to File Fourth Amendment**

This matter is before the Court on Plaintiff Anthony Meineke's Motion for Leave to File Fourth Amended Complaint (Dkt. 66). Mr. Meineke seeks leave to assert a state law claim pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. The defendants have opposed the Meineke's motion. For the reasons stated below, the Motion is **DENIED**.

Mr. Meineke, an inmate, seeks to add a claim alleging a violation of Ind. Code § 4-24-6-9 which provides that a superintendent or delegate of a superintendent, may be held personally liable for the loss of money from any inmate's trust account, if that loss arises from official misconduct. Mr. Meineke alleges that the failure of Defendants Binion, Finnan, and Penfold to correct due process errors on appeal when Defendant Fox ordered restitution after an unconstitutional and deficient hearing, amounted to official misconduct.

In support of his Motion, Mr. Meineke says he did not assert this claim earlier because he was "heavily medicated while attending psychotherapy. …" And, he alleges the parties are in the early stages of discovery and will not be prejudiced if the Court allows him to file of a fourth amended complaint.

Mr. Meineke alleges the Defendants allowed deductions from his inmate trust account as a result of a restitution sanction order imposed as part of a disciplinary conviction. However, his assertion that not vacating the restitution order amounted to "official misconduct" is not supported by any factual allegations. Based upon this finding, the proposed state law claim fails to state a claim upon which relief can be granted. With respect to Mr. Meineke's explanation that he was heavily medicated and therefore could not allege this particular claim earlier, this allegation is not persuasive. Mr. Meineke has been able to litigate this case and seek three amendments (a fourth amendment was denied) and has managed to file motions essentially every month since the case was filed on December 8, 2011.

"Although leave to amend a complaint should be freely granted when justice so requires, . . . the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Phamacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). Here, there was undue delay and the proposed amendment would be futile. For these reasons, the motion for leave to file amended complaint (Dkt. 66) is **DENIED.**

**IT IS SO ORDERED.**

Date: 06/20/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony R. Meineke
147748
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel