# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY R. MEINEKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALAN FINNAN Former Superintendent, JACK BINION Facility Head/Designee, CHARLES A. PENFOLD Final Reviewing Authority, sued in their individual and official capacities, CHARLES FOX Disciplinary Hearing Board Chairman, BRUCE LEMMON sued in his official capacity, KEITH BUTTS, Superintendent, | ) Case. No. 1:11-cv-01624-TWP-DKL ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**Entry Granting Defendants' Motion for Summary Judgment, Denying Plaintiff's Cross-Motion for Summary Judgment, and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. 87] must be **granted** and the plaintiff's cross-motion for summary judgment [dkt. 105] is **denied.**

## I. Background

The plaintiff in this civil rights action is Anthony Meineke ("Meineke"), an inmate at the Pendleton Correctional Facility ("Pendleton"). The defendants are: Former Superintendent Alan Finnan; Facility Head/Designee Jack Binion; Final Reviewing Authority Charles A. Penfold; Disciplinary Hearing Board Chairman Charles Fox; Commissioner Bruce Lemmon; and Superintendent Keith Butts. In his third amended complaint, Meineke alleges violations of his Fifth, Eighth, and Fourteenth Amendment rights. Meineke seeks monetary damages and

injunctive relief.

Meineke alleges that his due process rights were violated after he pled guilty in a disciplinary proceeding at which he was denied the opportunity to appear and was sanctioned with an order to pay restitution in the amount of $370.00. He also alleges that defendants Butts and Finnan froze his prison trust account in violation of his Fifth and Fourteenth Amendment rights. Meineke further alleges that after his trust fund account was frozen, he put defendants Butts and Finnan on notice that his counselors failed to ensure that he was provided with sufficient indigent hygiene products such as soap, toothpaste, toothbrushes, and razors in violation of the Eighth Amendment.

As noted, the defendants seek resolution of Meineke's claims through the entry of summary judgment. Meineke has filed a cross-motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

## III. Discussion

**A. Undisputed Facts**

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), the following facts are undisputed for purposes of the cross-motions for summary judgment:

*1.  Disciplinary Proceedings*

On November 25, 2009, a Report of Conduct was written by Ofc. R. Pieper claiming that Meineke was in possession of stolen property in disciplinary case No. ISR-09-11-0229. The property at issue was eyeglasses belonging to Officer J. McCutcheons. On December 1, 2009, Meineke pled guilty to the offense of unauthorized possession of property. On the Notice of Disciplinary Hearing form, it was explained that a guilty plea waives the right to twenty-four hour notice of the hearing and the right to be present at the hearing. On December 4, 2009, a disciplinary hearing was held by defendant Fox without Meineke present. Based on the conduct report, guilty plea, and evidence presented, Meineke was found guilty of Unauthorized Possession of Property and he was sanctioned $370.00 in restitution and a loss of 15 days of earned credit time.

*2.  Hygiene Kits*

Pursuant to Indiana Department of Correction Policy, it was the policy at Pendleton to make personal hygiene kits available to offenders who were indigent and/or offenders who did not have sufficient funds to purchase hygiene items due to court ordered payments or disciplinary actions for restitution. Indigent hygiene kits consist of a toothbrush, a tube of toothpaste, a comb, bath soap, deodorant, shampoo, and shaving supplies. Offenders that are eligible for indigent hygiene kits are allowed to request those kits every two weeks.

In order for an offender to be provided an indigent kit, that offender needs to make a request to his correctional lieutenant and/or staff designated by the correctional lieutenant. Upon receipt of an indigent kit request, a staff member will make an inquiry into whether the offender is indigent or does not have sufficient funds to purchase hygiene items due to a sanction or discipline. If that offender is determined indigent and has not received a kit within two weeks,

the correctional lieutenant and/or staff designated by the correctional lieutenant will provide that offender with an indigent kit.

It is undisputed that neither defendant Finnan nor defendant Butts were involved in responding to requests for indigent hygiene kits nor were they responsible for passing out indigent hygiene kits. Neither defendant Finnan nor defendant Butts had any involvement with the decision to either give or not to give Meineke an indigent hygiene kit. Neither defendant Finnan nor defendant Butts had any personal knowledge as to when or how often Meineke received indigent hygiene kits.

**B. Analysis**

The defendants' motion for summary judgment is based, in part, on the legal principle of *Heck v. Humphrey,* 512 U.S. 477 (1994), which holds that where "success in a . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007)(*Heck* "holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon."). This same rule applies to "convictions" incurred in prison disciplinary proceedings. *See Edwards v. Balisok,* 520 U.S. 641 (1997); *Walker v. Taylorville Correctional Ctr.,* 129 F.3d 410, 413 (7th Cir. 1997); *Lusz v. Scott,* 126 F.3d 1018, 1021 (7th Cir. 1997).

Meineke argues that because he is only challenging the sanction, he is not required to show that his disciplinary conviction was overturned. Meineke is mistaken. First of all, it is not

only the restitution sanction that he disputes. Meineke also argues that he did not waive his right to appear at the disciplinary proceeding, and that he should have been notified of and allowed to appear at the disciplinary hearing.

Second, the defendants correctly argue that all of Meineke's due process claims relating to the alleged mishandling of the disciplinary proceeding are barred. If the disciplinary proceeding were found to be unlawful because Meineke did not waive his right to appear, or because a sanction was improper, the entire disciplinary conviction would be invalidated. Meineke's sanctions included a 15 day loss of credit time. As noted, the settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. A prisoner's § 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487.

The Court takes judicial notice of the fact that on December 20, 2010, Meineke filed a petition for writ of habeas corpus challenging the conduct report at issue in this case, and his petition was dismissed because his claims were based solely on alleged violations of state law. *Meineke v. Finnan,* 1:10-cv-1677-LJM-MJD (S.D. Ind. Feb. 11, 2011). Meineke has not otherwise shown that his disciplinary conviction has been overturned or invalidated. Again, if the Court were to find in Meineke's favor on his due process claims, the Court would invalidate the entire disciplinary conviction, which is not permitted in a section 1983 action. *Heck*; *Edwards*.

Meineke also argues that his inability to use his money in his inmate trust account for a period of time due to the restitution hold on his account constituted "an atypical and significant hardship." In the prison setting, liberty interests protected by the Due Process Clause are limited

to freedom from restraint which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Having one's prison trust account frozen until a debt is paid does not rise to the level of the types of harsh conditions that are required to be considered atypical and significant. *See Parker v. Correction Corp. of America,* 2014 WL 2481874, *5 (W.D.Tenn. June 3, 2014) (restitution does not constitute an atypical and significant hardship); *Cotton v. Kingston,* 2003 WL 23221147 (W.D.Wis. Oct. 20, 2003) (disciplinary sanctions of restitution for glasses, 8 days segregation, and 360 days of program segregation did not constitute an atypical or significant hardship); *Van Collins v. Washington,* 1996 WL 210067, n. 4 (N.D. Ill. April 9, 1996) (being ordered to pay restitution does not impose atypical or significant hardship). Accordingly, Meineke's due process claims against all defendants are dismissed without prejudice.

Meineke next argues that defendants Butts and Finnan deducted his money from his prison account, including gifts from family members and state pay, as restitution for property belonging to another in violation of the Takings Clause of the Fifth Amendment. The Fifth Amendment prohibits the taking of private property for public use pursuant to the government's regulatory powers without just compensation, and this requirement is binding on the states through incorporation into the Fourteenth Amendment. *See Barbian v. Panagis*, 694 F.2d 476, 482 & n. 4 (7th Cir.1982). Although prisoners have a constitutionally protected property interest in funds deposited in their prison trust accounts, *Campbell v. Miller,* 787 F.2d 217, 222 (7th Cir. 1986), Meineke does not have a Fifth Amendment right to not have his prison trust account frozen or tapped to pay a restitution sanction. *Barber v. Wall,* 66 Fed.Appx. 215, 216 (1st Cir. 2003) ("it is clear that the debiting of funds from [an inmate's] account in satisfaction of a properly imposed restitution order does not amount to a taking or other wrongful interference

with a property interest."); *Oakley v. Zavaras,* 2011 WL 198405, *5 (D. Colo. Jan. 20, 2011) (if the restitution order is properly imposed, there is no viable claim under the takings clause); *Grimes v. O.D.O.C. Agency*, 2007 WL 1170636 (D. Or. April 11, 2007) (the imposition of prison disciplinary fines does not invoke the Fifth Amendment's Takings Clause because the Takings Clause does not apply when the government imposes penalties in an exercise of its police power). The defendants are therefore entitled to summary judgment on Meineke's Fifth Amendment claim.

Meineke's final claim is that he only received hygiene kits every two to three months and as a result, he was deprived of personal hygiene items for long periods of time. It is true that prisoners have the right to "the minimal civilized measure of life's necessities," *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981), which includes hygiene items. For liability to be imposed for a violation of this right, however, the defendants must have personal involvement in the wrongdoing. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). Even if defendant Finnan failed to respond to Meineke's correspondence complaining about the lack of hygiene kits, that fact is not enough to establish liability. Defendants who allegedly know about a violation of the Constitution but fail to cure it do not thereby violate the Constitution themselves. *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Neither defendant Finnan nor defendant Butts were involved in providing indigent hygiene kits to inmates nor were they aware of when or how often Meineke received such kits.

Moreover, the Seventh Circuit has held that temporary neglect in providing hygiene items, toilet paper for five days and soap, toothbrush, and toothpaste for ten days, resulting in no physical injury, does not violate the Eighth Amendment. *Harris v. Fleming,* 839 F.2d 1232, 1234-35 (7th Cir. 1988). Here, Meineke has presented no evidence as to how often he requested the hygiene kits, nor has he demonstrated any intentional acts on the part of any defendant or that any physical injury was caused by the denial of hygiene items. Under these circumstances, the defendants are entitled to summary judgment on Meineke's Eighth Amendment claim concerning a denial of hygiene products.

### IV. Conclusion

Meineke has not presented evidence sufficient to create a genuine issue of fact with respect to any of his claims. For the reasons explained above, the defendants' motion for summary judgment [dkt. 87] is **granted** and the plaintiff's cross-motion for summary judgment [dkt. 105] is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/21/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony R. Meineke, 147748, Pendleton Correctional Facility, Inmate Mail/Parcels, 4490 West Reformatory Road, Pendleton, IN 46064

Electronically Registered Counsel